UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR NELUMS,

       Petitioner,                               Case No. 1:14-cv-25

v.                                        HON. JANET T. NEFF

J.F. CARAWAY,

       Respondent.

_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) recommending that this Court deny the petition as time barred. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner contends that, because he is entitled to equitable tolling, the Magistrate Judge erred by concluding that his habeas corpus petition is time barred (Pet'r Obj., Dkt 3 at 1–2). Petitioner argues that equitable tolling should apply to his case because he believed his state court proceedings were still pending until he filed this habeas petition on December 26, 2013 (*id.* at 5–6). Petitioner

asserts that he should not be held responsible for erroneously believing his matter was still pending because (1) the United States Penitentiary in Terre Haute, Indiana, where he is currently housed, does not own any Michigan law books in which to research the applicable filing rules; (2) Petitioner has only a ninth grade education and no understanding of the law and its procedures; and (3) Petitioner "could not have known that the Michigan Supreme Court no longer accepted applications for leave to file a delayed application to appeal, effective September 1, 2003" (*id.* at 4–5).

Petitioner's argument is without merit.  Regardless of Petitioner's individually held belief that his state court proceedings were still pending, the fact remains that for a matter to be pending it must first be "properly filed."  28 U.S.C. § 2244(d)(2) (indicating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").  "An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citing *United States v. Lombardo*, 241 U.S. 73, 76 (1916)).

Here, Petitioner has not provided a copy of any delayed application for leave to appeal filed in the Michigan Supreme Court.  Furthermore, there is no evidence in the official state court docket that Petitioner properly sought leave to appeal in the Michigan Supreme Court.  According to the state court records, Petitioner's last filing was made in Michigan Court of Appeals Case No. 312868. There is simply no evidence that his alleged application to the Michigan Supreme Court was ever "delivered to, and accepted by, the appropriate court officer for placement into the official record."

Additionally, once the time limit expired for filing an appeal to the Michigan Supreme Court, Petitioner's state court proceeding was no longer pending.  The Magistrate Judge properly applied the rule to the facts of Petitioner's case:

> It appears that Petitioner failed to comply with applicable state procedures for appealing the denial of his motion for relief from judgment to the Michigan Supreme Court.  Consequently, his motion remained "pending" only for as long as Petitioner could have sought review of the appellate court's decision before the Michigan Supreme Court.

(R&R, Dkt 2 at 4, citing *Martin v. Wilson*, 110 F. App'x 488, 490 (6th Cir. 2004) (where no appeal is filed, motion remains pending for as long as a timely appeal could have been filed); *see also Carey v. Saffold*, 536 U.S. 214, 219 (2002)).  Petitioner's objections make no claim that he complied with the 56-day time limit for applications to appeal a decision of the Michigan Court of Appeals.  MICH. CT. R. 7.302(C)(2).  Because Petitioner did not file an application for leave to appeal within the 56-day period, Petitioner's state court proceeding was no longer pending once the time period expired.

Finally, even if Petitioner's reasons for failing to comply with the filing deadlines are factually true, the Magistrate Judge properly rejected these reasons as follows:

> The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen v. Yukins*, 366 F.3d 396, 403–04 (6th Cir. 2004); *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299–300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

(R&R, Dkt 2 at 5–6).

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised.

*See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466–67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack,* 529 U.S. at 484.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Upon review, this Court finds that reasonable jurists would not find debatable the Court's procedural ruling that Petitioner's habeas corpus petition is time barred.  A certificate of appealability will therefore be denied.  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 3) are DENIED and the Report and Recommendation (Dkt 2) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to the Court's procedural ruling that the petition is time barred.

Dated: November  25 , 2014

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge